IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **KAREN DUNN-BRINKLEY,** )  | Civil Action No. 7:11-cv-00527 | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | **MEMORANDUM OPINION** | |
| ) | | |
| **DANIEL, et al.,** ) | By: Hon. Michael F. Urbanski | |
| Defendants. ) | United States District Judge | |

Karen Dunn-Brinkley, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as defendants Daniel and Guthrie, correctional officers at the Fluvanna Correctional Center for Women ("Center"). This matter is before the court for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, the court dismisses the action without prejudice for failing to state a claim upon which relief may be granted.

I.

Plaintiff alleges the following facts in her verified complaint and attachments. On August 15, 2011,[1] just before the Center had its inmate count, plaintiff unsuccessfully tried to get Daniel's and Guthrie's attention via the room buzzer so they could allow her to use a bathroom. Plaintiff then banged on the door to get their attention to no avail. As the defendants left the area, plaintiff banged on the door again, got their attention, and asked to use a bathroom, but the defendants said, "No." Plaintiff consequently urinated on herself. Plaintiff feels humiliated and defamed because a defendant loudly declared that plaintiff urinated on herself so other inmates could hear him. Plaintiff feels harassed by the defendants' conduct and statements.

---

[1] Plaintiff alleges in her complaint that the events occurred in September, but plaintiff wrote grievances in August that state the events occurred on August 15, 2011.

II.

The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

However, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of the complaint. See Brock v.

2

Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).  See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). The Eighth Amendment protects prisoners from cruel and unusual living conditions. Rhodes v. Chapman, 452 U.S. 337 (1981).  In order to state a constitutional claim premised on prison conditions, a plaintiff must allege facts demonstrating (1) that the challenged conditions resulted in a deprivation of a basic human need that was objectively "sufficiently serious" and (2) that a defendant prison official subjectively acted with a sufficiently "culpable state of mind" about the conditions.  Wilson v. Seiter, 501 U.S. 294, 298 (1991). To satisfy the objective element of a conditions claim, the plaintiff must show that she has sustained a serious or significant mental or physical injury as a result of the challenged conditions.  See Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir.1993).  Notably, isolation, inactivity, discomfort and inconvenience do not in and of themselves violate the Eighth Amendment.  In Re Long Term Administrative Segregation of Inmates Designated as Five Percenters, 174 F.3d 464, 471-72 (4th Cir. 1999).

Plaintiff presently fails to state a claim upon which relief may be granted.  Plaintiff was denied access to a bathroom one time during an inmate head count.  Plaintiff does not describe any resulting serious harm from this one incident or any on-going inability to use bathrooms. "To the extent that [prison] conditions are restrictive or even harsh, they are part of the penalty

that criminal offenders pay for their offenses against society." Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  When a defendant makes comments that may constitute verbal abuse or harassment, those comments alone do not rise to the level of an Eighth Amendment violation. See Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979), cited favorably in, Moody v. Grove, 885 F.2d 865 (4th Cir. 1989) (table) (unpublished) (stating as a general rule that verbal abuse of inmates by guards, without more, does not state a constitutional claim); Morrison v. Martin, 755 F.Supp. 683, 687 (E.D. N.C. 1990) (same).  The Constitution does not "protect against all intrusions on one's peace of mind." Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991).

### III.

For the foregoing reasons, the court dismisses the complaint without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to plaintiff.

Entered:  November 21, 2011

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge